*Eleventh Judicial District.*

## In the Court of Common Pleas of Luzerne County.

----

### SCHMIDT 2D *v.* STETLER.

The act of 1855, which forbids any other inquisition and extent pending the first, does not apply to mechanic's liens. As a *levari facias* issues without any previous inquisition, the act does not apply, and a material man is not concluded by an extension, nor compelled to await payment in the half-yearly installments fixed by the inquest.

**Mechanic's lien. Rule to set aside levari facias.**

Opinion delivered by

DANA, A. L. J. The levari facias, No. 9, May term, 1869, issued 7th April, 1869. On the 9th April, 1869, the property covered by the mechanic's lien was extended under fi. fa., No. 159, April term, 1869, on a judgment of Hughes *v.* Stetler, and after notice given the defendant on the 16th April, elected to retain possession.

We are asked to set aside the levari facias, on the ground that the extension under the fi. fa. concludes the holders of all existing liens, and compels them to await payment from the half-yearly installments fixed by the inquest. This we decline to do.

The act of 1855 forbids any second or other inquisition and extent, pending the first, upon any writ issued on judgments existing at the date of such inquisition, and is not understood to apply to mechanic's liens, nor to prevent a material man, whose claim is in judgment, from having the statutory form of execution. P. D. 712, § 30. As he has no occasion for an inquisition, he does not encounter the prohibition of the act of 1855. The extension and election were after the issue of the levari facias. The extent and boundaries of the curtilage are not designated in the lien. The affidavit on which the present rule was granted is not before us. If Hughes, the judgment creditor, applies to have commissioners appointed to designate the curtilage under the act of 1836, the court is authorized, after reasonable notice, to make such appointment and to stay execution until such designation shall be made. The writ in this case has been returned by the sheriff as stayed by the court, and under the foregoing views, and with leave to apply for appointment of commissioners, the rule is discharged.